# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS,<br><br>　　　　Defendant. | Case No. 1:15-cv-01305 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff David Townsel ("Plaintiff") is a former prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on August 24, 2015. He names the Madera County Department of Corrections as the sole Defendant.[1]

## A.    LEGAL STANDARD

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 8, 2015.

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## B. SUMMARY OF PLAINTIFF'S ALLEGATIONS

At the time Plaintiff filed this action, he was not incarcerated. It appears that his allegations relate to his belief that the Madera County Department of Corrections illegally detained him on January 10, 2014. Plaintiff contends that he was never arrested and given his Miranda warnings. He was sentenced on February 21, 2014, to twenty-eight months in state prison, with a split sentence of fourteen months in county jail. This sentence was followed by fourteen months of supervised release.

Plaintiff believes that his imprisonment was "false imprisonment of negligence of 28 months of confinement of civil rights Eighth Amendment freedom from cruel and unusual punishment. . ." For relief, he requests $2,000,000 in damages.

///

///

///

2

**C.     ANALYSIS**

   1.   <u>Substantive Claim</u>

Plaintiff seeks to recover damages for emotional distress arising from an allegedly improper imprisonment pursuant to a twenty-eight month sentence.

Generally, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal courts issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983.  <u>Heck</u>, at 486-87 (footnote omitted).

However, there is a limited exception to the <u>Heck</u> bar.  "In some exceptional situations, <u>Heck</u> may not bar a noncustodial plaintiff-one to whom habeas corpus is not available because he is no longer 'in custody' as required, <u>see</u> 28 U.S.C. § 2254-from proceeding with a civil rights action that, if successful, would imply the invalidity of an adjudicated offense." El v. Crain, 560 F.Supp.2d 923 (C.D.Cal. 2008); <u>Nonnette v. Small</u>, 316 F.3d 872 (9th Cir.2002).  The exception is narrow, however, and is limited to plaintiffs "(1) who are 'former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' <u>id</u>. at 878 n. 7, not collaterally challenging underlying criminal convictions, and (2) who diligently pursued 'expeditious litigation' to challenge those punishments to the extent possible." <u>Wesbecher v. Landaker</u>, 2008 WL 2682614, at *4-5 (E.D. Cal. 2008) (internal citations omitted); <u>see</u> also <u>Guerrero v. Gates</u>, 442 F.3d 697, 704-05 (9th Cir.2006) (comparing <u>Nonnette</u>, wherein the plaintiff diligently challenged administrative revocation of good-time credits, with <u>Cunningham v. Gates</u>, 312 F.3d 1148 (9th Cir.2002), wherein the plaintiff failed diligently to challenge an underlying criminal conviction).

In this instance, the Court cannot determine whether an exception to <u>Heck</u> would apply.  Plaintiff was no longer incarcerated at the time he filed this action in August 2015, so it does not

3

appear that he served the entire sentence.  However, it is unclear whether Plaintiff remains on supervised release.  While Plaintiff's challenge would certainly imply the invalidity of his a criminal conviction, the fact that his status is unknown prevents the Court from determining whether habeas relief is available.  See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (a petitioner remains "in custody" for purposes of habeas jurisdiction while on parole).

It is also unknown whether Plaintiff expeditiously sought to collaterally attack his underlying state conviction, as required for an exception to Heck.  Cole v. Doe 1 thru 2, 387 F.Supp.2d 1084, 1092 (N.D.Cal.2005) ("the Nonnette exception to Heck does not apply where the habeas remedy was lost as a result of the plaintiff's lack of diligence").

    2.        Defendant Madera County Department of Corrections

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

4

Even if Plaintiff can continue this action under section 1983, the Madera County Department of Corrections is not likely the proper Defendant. Plaintiff makes no allegations that would support a finding of municipal liability under Monell.

### D.  CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim against any Defendant. Due to the nature of the deficiencies, it is unclear whether Plaintiff can correct the issues. Nonetheless, the Court will afford Plaintiff one opportunity to correct the deficiencies identified above. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order.

///

4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **December 9, 2015**                       /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE

6