# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOWNSEL, | Case No. 1:15-cv-01305 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDERS AND FAILURE TO PROSECUTE |
| v. | |
| MADERA COUNTY DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

Plaintiff David Townsel ("Plaintiff") is a former prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on August 24, 2015.[1]

On December 9, 2015, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of the order.

On January 20, 2016, after the time for filing an amended complaint had passed, the Court issued an order to show cause why the action should not be dismissed for failure to follow a Court order. Plaintiff was ordered to file a response within thirty (30) days.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 8, 2015.

1

On January 25, 2016, Plaintiff filed a notice of change of address and requested an extension of time to file an amended complaint. Plaintiff indicated that he did not receive the December 9, 2015, order.

Based on Plaintiff's response, the Court vacated the order to show cause on January 27, 2016. The Court also granted Plaintiff an additional thirty (30) days to file his amended complaint. To ensure that Plaintiff had the necessary documents, the Court also provided Plaintiff with a copy of the December 9, 2015, order.

On March 18, 2016, the Court issued another order to show cause after Plaintiff again failed to file an amended complaint. Plaintiff was ordered to file a response to the order, or an amended complaint, within thirty (30) days of the date of service. Over thirty (30) days have passed, however, and Plaintiff has again failed to respond to the Court's orders or otherwise contact the Court.

**DISCUSSION**

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, while public policy always favors disposition on the merits, dismissal is warranted. This action has been pending since August 24, 2015, and there is no operative complaint on file. Plaintiff has been given numerous opportunities to comply with the Court's orders, but he has continuously failed to so do. Moreover, Plaintiff was warned that failure to respond to the order to show cause would result in dismissal of this action. Finally, there are no lesser sanctions available as this action cannot proceed without Plaintiff's cooperation.

**ORDER**

Based on the above, this action is DISMISSED for Plaintiff's failure to respond to Court orders and failure to prosecute.

<u>This terminates this action in its entirety.</u>

IT IS SO ORDERED.

Dated:   **May 11, 2016**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE